UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYNE ADER,
    Plaintiff,

Case No.
Hon.

-vs.-

CADILLAC ACCOUNTS RECEIVABLE MANAGEMENT, INC.,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, WAYNE ADER, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

### VENUE

2. The transactions and occurrences which give rise to this action occurred in Tuscola County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. The Defendant to this lawsuit is Cadillac Accounts Receivable Management, Inc., which, upon, information and belief, is a Michigan corporation that maintains registered offices in Wexford County.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Great Lakes Eye Institute in the amount of $90.00 with account number 114136000165**** (the "Debt").

6. On or about June 29, 2016, Mr. Ader obtained his Trans Union credit file and noticed that Defendant reported the Debt.

7. On or about July 27, 2016, Mr. Ader submitted a letter to Defendant disputing the alleged Debt. He used the address of 1015 Wilcox Street, Cadillac, MI 49601 that was reported on his Trans Union credit file.

8. On or about October 24, 2016, Mr. Ader obtained his Experian credit file which showed that Defendant failed to flag the Debt as disputed, in violation of the FDCPA.

9. At a minimum, the following companies obtained Mr. Ader's Experian credit file after he sent the dispute letter to Defendant:

    a. LexisNexis on behalf of America Strategic Insurance on August 22, 2016;
    b. LexisNexis on behalf of State Auto Insurance.com on August 31, 2016;

    c.    LexisNexis on behalf Auto Club Ins. Association on August 31, 2016;

    d.    Progressive Insurance-October 3, 2016; and

    e.    Frankenmuth Credit-October 11, 2016.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10.    Plaintiff reincorporates the preceding allegations by reference.

11.    At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12.    Mr. Ader is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13.    Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14.    Defendant's foregoing acts violated the following provisions of the FDCPA:

    a.    15 U.S.C. §1692e(2)(A), by misrepresenting the character, amount or legal status of any debt. Defendant did this when it failed to report the status of the Debt as in dispute; and

    b.    15 U.S.C. §1692e(8), by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt to the credit reporting agencies without indicating that he disputed the alleged Debt.

15. Mr. Ader has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Mr. Ader is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

20. Mr. Ader has suffered damages as a result of these violations of the MOC.

21. These violations of the MOC were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the MOC.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Mr. Ader is a "consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

26. Mr. Ader has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the MCPA.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                    Respectfully submitted.

Dated: November 8, 2016      /s/ Gary Nitzkin
                                      GARY D. NITZKIN (P41155)
                                      MICHIGAN CONSUMER CREDIT LAWYERS
                                      Attorneys for Plaintiff
                                      22142 West Nine Mile Road
                                      Southfield, MI 48033
                                      (248) 353-2882
                                      Fax (248) 353-4840
                                      Email – gary@micreditlawyer.com