## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

WAYNE ADER,

     *Plaintiff,*

CASE NO. 1:16-CV-13962

DISTRICT JUDGE THOMAS L. LUDINGTON

*v.*                        MAGISTRATE JUDGE PATRICIA T. MORRIS

CADILLAC ACCOUNTS RECEIVABLE
MANAGEMENT, INC.,

     *Defendant.*

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### (Doc. 13)

## I.  Recommendation

Plaintiff Wayne Ader has brought suit against Defendant Cadillac Accounts Receivable Management, Inc., under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*. (Doc. 1.) For the reasons stated below, I recommend DENYING Plaintiff's motion for summary judgment. (Doc. 15.)

## II.    Background and Arguments

Plaintiff's complaint charges a violation of the Fair Debt Collection practices Act (FDCPA) by failing to communicate that a debt was disputed under 15 U.S.C. § 1692e(8). (Doc. 1.) The complaint also alleges violations of the Michigan Collection Practices Act and the Michigan Occupational Code. Defendant was attempting to collect

1

a debt owed by Plaintiff to Great Lakes Eye Institute in the amount of $90.00 (the debt). Plaintiff alleges that "[o]n or about July 27, 2016, Mr. Ader submitted a letter to Defendant disputing the alleged Debt." (Doc. 1 at ID 2.) Plaintiff further alleges that at least five companies obtained Plaintiff's credit file from Experian after he sent the dispute letter to Defendant. (Doc. 1 at ID 2-3.)

This case was referred to the undersigned magistrate judge for pretrial case management on November 29, 2016. (Doc. 7.) Plaintiff filed a motion for summary judgment (Doc. 13,) Defendant responded (Doc. 17,) and Plaintiff replied. (Doc. 18.) Defendant contends that it reported the debt as disputed following receipt of Plaintiff's letter and thus, never failed to report the debt as disputed. (Doc. 17 at ID 69-70.) Plaintiff replies that "credit reports from Experian and TransUnion show that Defendant did not mark its account as disputed[.]" (Doc. 18 at ID 87.) The issues have been briefed, and all the arguments by the parties have been considered. Thus, the motion is ready for Report and Recommendation.

## III.   Analysis

### A.   Summary Judgment Standards

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the nonmoving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the nonmoving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not, however, 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D. N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*,

3

351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**B.    Analysis**

The parties agree that Plaintiff is a consumer, that the debt satisfies the definition of debt under the FDCPA, and that Defendant is a debt collector under the Act. Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

This dispute centers around whether the debt was reported as disputed following receipt of Plaintiff's letter dated July 27, 2016, disputing the debt as required under § 1692e(8). Defendant argues that it did (Doc. 17 at ID 69-70) and Plaintiff argues that it did not. (Doc. 18 at ID 87.)

Plaintiff proffers, in support of his motion, credit reports from Experian and TransUnion dated October 24, 2016, November 7, 2016, and November 8, 2016, showing that the account was not marked as disputed. (Doc. 13, Ex. 2 at ID 55-59.) Defendant proffers, in opposition to the motion, a Declaration of Jon Dracht stating that upon receipt of Plaintiff's letter (dated July 27, 2016) on or about August 3, 2016, Defendant "notated the 'dispute' on Plaintiff's account that same day, August 3, 2016." (Doc. 17 at ID 77.) Mr. Dracht further states that the "'dispute' notation was also coded on the account as of August 3, 2016 and furnished to the three credit reporting bureaus in all subsequent monthly reports by [Defendant] as reflected in [Defendant's] account notes." (Doc. 17 at ID 77.) Mr. Dracht also indicates that Defendant "never received an automated dispute verification form from any credit reporting bureau regarding the account at any time." (Doc. 17 at ID 78.) Plaintiff replies that "even if Defendant's account notes say what Defendant's employee's declaration suggests they say, that does not prove that Defendant actually communicated Plaintiff's dispute to the consumer reporting agencies, which Defendant was required to do pursuant to 15 U.S.C. § 1692e(8). Therefore, Defendant has failed to establish the existence of a genuine issue of material fact and this Court should grant Plaintiff's motion for summary judgment." (Doc. 18 at ID 87.)

Defendant need not "prove that Defendant actually communicated Plaintiff's dispute to the consumer reporting agencies" (Doc. 18 at ID 87) since Defendant is not seeking summary judgment. Instead, Plaintiff, who filed the motion, must not only support his motion, which he did, but also show that Defendant has failed to establish a genuine issue of material fact by not supporting its response. Here, the issue of whether Defendant actually communicated the debt is paramount and thus, genuine. Also here, both parties strongly argue two polar opposite factual scenarios and both parties have some evidentiary support for their arguments. Their briefs establish that a classic genuine issue of material fact exists. Therefore, I recommend that Plaintiff's motion be denied.

## IV.   <u>Conclusion</u>

For the above reasons, I recommend that Plaintiff's motion for summary judgment be denied.

## V.   <u>Review</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party

may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 10, 2018                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: January 10, 2018                    By s/Kristen Castaneda
                                            Case Manager